UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Manuel Valldejuli, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | 2:13-cv-1168 JWS |
| | ) | |
| vs. | ) | ORDER AND OPINION |
| | ) | |
| Tax Breaks, Inc., *et al.*, | ) | [Re: Motions at dockets 43 & 45] |
| | ) | |
| Defendants. | ) | |
| | ) | |

## I.  MOTIONS PRESENTED

At docket 43 defendants Tax Breaks, Inc. ("TBI") and Darius and Jane Doe Allen

("Allen") move to set aside the default judgment entered against them.  The motion also

seeks dismissal of plaintiffs' claims against them pursuant to Fed. R. Civ. P. 12(b)(5) for

failure to properly serve them and asks that the dismissal be with prejudice pursuant to

Fed. R. Civ. P. 41(b).  Plaintiffs' response is at docket 44.  The response also includes

a request to again extend the time for service of process.  TBI and Allen move to strike

portions of the response at docket 45, where they also set out their reply in support of

the motion at docket 43.  Oral argument was not requested and would not aid the court.

## II.  BACKGROUND

Plaintiffs filed their complaint on June 10, 2013.  It named numerous defendants

among whom were TBI and Allen.  The complaint was brought on behalf of a class of

persons who were tax preparers for the defendants from January 2013, thru the date of the complaint.

The complaint sets out fourteen claims.  Count One alleges that defendants violated the Racketeer Influenced and Corrupt Organizations Act.  In Count Two plaintiffs allege that defendants violated the Fair Labor Standards Act by failing to pay the federal minimum wage.  Count Three asserts that defendants violated the Fair Labor Standards Act by failing to pay overtime.  Count Four sets out a breach-of-contract claim.  Count Five purports to state a claim for fraud.  Count Six asserts a breach of the implied contractual covenant to deal fairly and in good faith with the class members.  Count Seven alleges that defendant failed to pay wages owed.  Count Eight purports to state a claim for quantum meruit, while Count Nine advances a claim of unjust enrichment.  Count Ten purports to state a claim for conversion.  Count Eleven alleges that defendant failed to pay the employer's share of FICA taxes.  Count Twelve alleges that defendant Tax Breaks LLC and TBI were the alter egos of Allen and defendant Kevin Murphy.  Count Thirteen alleges that Tax Breaks LLC and defendant Family Dollar, Inc. are partners, so that Family Dollar, Inc. is liable for the acts of Tax Breaks LLC.  Finally, Count Fourteen seeks a declaratory judgment.  This "kitchen sink" pleading does not reflect careful legal analysis by plaintiffs' counsel.

The court denied plaintiffs' motion for class certification without prejudice to renewal after all defendants had been served.  Thereafter, plaintiffs dismissed their claims against thirteen of the defendants without prejudice.[1]  Asked by the court to

_____

[1]*See* dockets 21 and 22.

clarify against which defendants plaintiffs intended to pursue their claims, plaintiffs responded on September 9, 2013, that they were pursing claims against Kevin and Chelsea Murphy ("Murphy") upon whom process had been served.  Plaintiffs further advised that they "will not be moving forward with claims against [TBI].  But Plaintiffs will be moving forward against Tax Breaks, LLC and Darius Allen" who had not yet been served.[2]  The court then issued an order indicating that because plaintiffs were not proceeding against TBI, plaintiffs should file a notice of dismissal of that defendant. The order further warned plaintiffs that they needed to perfect service on the unserved defendants within the 120-day time frame established by Fed. R. Civ. P. 4(m) or show good cause for an extension of time for service.[3]  On September 25, 2013, plaintiffs filed a notice of dismissal without prejudice of their claims against TBI.[4]  More than two months later, on December 5, 2013, plaintiffs moved to re-instate their claims against TBI saying they really meant to dismiss Tax Breaks LLC, not TBI.[5]  The motion was granted and TBI was reinstated.

Plaintiffs moved for the entry of default against Allen, TBI, and Murphy alleging that all had been properly served, but failed to appear and defend.[6]  Thereafter, the Clerk entered the requested default.[7]  The same day the default was entered, TBI and

---

[2]Doc. 24 at pp. 1-2.

[3]Doc. 25.

[4]Doc. 26.

[5]Doc. 33.

[6]Doc. 41.

[7]Doc. 42.

Allen appeared specially through counsel and moved to set aside the default as to TBI and Allen and to dismiss the claims against them with prejudice.[8]

### III.  DISCUSSION

**A.  Default**

Plaintiffs do not oppose the request to vacate the entry of default as to defendants TBI and Allen.[9]  Accordingly, the defaults of TBI and Allen will be set aside.

**B.  Dismissal With Prejudice**

TBI and Allen ask that the claims against them be dismissed with prejudice, an outcome which in proper circumstances is authorized by Fed. R. Civ. P. 41(b).  When considering whether to dismiss claims with prejudice the court must consider a variety of factors : "(1) [T]he public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions."[10]

TBI and Allen contend that the first two factors weigh in favor of a dismissal with prejudice.  With respect to the first factor, the court disagrees.  The complaint in this case concerns actions which commenced in January 2013.  Thus, there remains ample time for an expeditious resolution of the dispute.  With respect to the second factor, it is always a subject of concern when counsel's ineptitude frustrates reasonable efforts at

---

[8]Doc. 43.

[9]Doc. 44 at p. 2.

[10]*Omstead v. Dell, Inc.,* 594 F.3d 1081, 1084 (9th Cir. 2010) (quoting *Henderson v. Duncan,* 779 F.2d 1421, 1423 (9th Cir. 1986)).

-4-

case management.  However, in the circumstances here where plaintiffs' counsel is not guilty of malfeasance, but only misfeasance in the early stages of the litigation, this factor does not support a dismissal with prejudice.

Concerning the third factor, TBI and Allen say that they have been substantially prejudiced by the passage of time.  The argument is unpersuasive; relatively little time has passed since January 2013, when their allegedly wrongful conduct commenced. They also contend that they have been prejudiced by the incompetent manner in which plaintiffs' counsel has pursued this case—naming a multitude of defendants only to dismiss nearly all of them, and even dismissing TBI when plaintiffs' counsel meant to dismiss Tax Breaks LLC.  The court agrees that plaintiffs' counsel has displayed incompetence, but thus far it has not seriously prejudiced TBI and Allen.

The fourth factor clearly weighs against dismissal with prejudice.  The primary goal of our system of civil litigation is to decide disputes on their merits.  A dismissal with prejudice at this stage would frustrate that goal.

Finally, with respect to the fifth factor, it is obvious that a less drastic sanction is available.  The court could dismiss the claims against TBI and Allen without prejudice. The court might also consider other sanctions which would allow the case to continue following proper service but impose some penalty on plaintiffs, such as an award of costs.

In sum, the court does not find a sufficient basis for a dismissal with prejudice.

**C. Appropriate Remedy**

The court now addresses more generally the request to dismiss the claims against TBI and Allen for insufficient service of process.  A party may challenge sufficiency of service pursuant to Fed. R. Civ. P. 12(b)(5).  The plaintiff has the burden of establishing the validity of service.[11]  The motion to dismiss accurately points to the defect in plaintiffs' attempt to perfect service of process by publication.  They were required to publish the notice in a newspaper in Maricopa County.  They did not do so.  Plaintiffs do not contest that fact.  Rather, they rely on good intentions—publication in Dallas was better—and an ad hominem attack on Allen as a "con man" evading service of process.  Plaintiffs have not established validity of service, so TBI and Allen are entitled to a remedy.

Plaintiffs had ample opportunity to perfect service of process.  They had the initial 120 days provided by Fed. R. Civ. P. 4(m).  The court warned them well before that time expired that they needed to perfect service.  The court's order added that if more time were needed in light of the difficulty in serving TBI and Allen, plaintiffs should move for an extension of time.[12]  In a motion which recounted the substantial but unsuccessful efforts they had made to serve defendants, plaintiffs sought an extension of time for service of 90 days.[13]  The court granted the 90-day extension.[14]

---

[11]*See e..g., Dickerson v. Napolitano*, 604 F.3d 732, 752 (2d Cir. 2010); 5B Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure: Civil* § 1353 (3d ed. 2013).

[12]Doc. 25.

[13]Doc. 27.

[14]Doc. 28.

Plaintiffs made a considerable effort to perfect service, but despite being given a an additional 90 days to do so they failed.  Plaintiffs request still more time to perfect service, but their track record does not inspire confidence.  This case has been pending almost nine months and plaintiffs have yet to accomplish service on Allen and TBI.  If this case is dismissed, plaintiffs would remain free to file a new action, but there is an unusual opportunity also available.  They could seek to join or  become class members in a similar lawsuit already pending in this district, Case No. 2:13-cv-1309 NVW ("the Other Lawsuit").  The remaining defendants in the Other Lawsuit include TBI and Allen.  The underlying facts pled in the complaint in the Other Lawsuit are similar to those pled in the case at bar.  Counsel for the plaintiffs in the Other Lawsuit is the same lawyer who represents plaintiffs in the case at bar.  Given all of the circumstances, it is appropriate to dismiss the claims against TBI and Allen in this case without prejudice.

TBI and Allen have asked the court to strike numerous passages from plaintiffs' response.  Unfortunately the notion that inappropriate material may be stricken from motion papers is widespread in the bar.  Fed. R. Civ. P. 12(f) authorizes motions to strike "redundant, immaterial, impertinent or scandalous matter" from "a pleading."  Fed. R. Civ. P. 7 makes clear that motions are not pleadings.[15]  Rather than multiply motion practice with requests to strike material from motion papers, the better practice is simply to point out why the material in question should not be considered.  TBI and Allen did do that, and the court has not relied on the unsupported assertions made in plaintiffs' response.  The request to strike will be denied.

---

[15]*Compare* Rule 7(a) with Rule 7(b).

**D.  Other Matters**

    **1.  Tax Breaks LLC**

A review of the record discloses that plaintiffs are not pursing a claim against Tax Breaks LLC which plaintiffs acknowledge is unrelated to TBI.  Accordingly, the court will dismiss all claims in this case against Tax Breaks LLC.

    **2.  Murphy Defendants**

This order does not disturb the entry of default as to defendants Kevin Murphy and Jane Doe Murphy.[16]  In the ordinary situation, to draw this lawsuit to a conclusion, it would be necessary for plaintiffs to move for entry of a default judgment in favor of the thirteen named plaintiffs and against the Murphy defendants.  The Murphy defendants' liability turns on an alter ego theory which would make them responsible for the actions of TBI.  The Murphy defendants are also defendants in the Other Lawsuit.

To bring what remains of this case to a conclusion, within 21 days, plaintiffs shall file either a properly supported motion for entry of a default judgment pursuant to Fed. R. Civ. P. 55(b), which carefully explains how it is that the Murphys are liable and sets out in detail the damages suffered by each named plaintiff caused by the Murphy defendants, or a notice of non-objection to the closing of this case without entry of a judgment against the Murphy defendants and without prejudice to plaintiffs' ability to pursue claims against the Murphy defendants in a new lawsuit or in the Other Lawsuit.

---

[16]The affidavits of service with respect to the Murphy defendants show that process was left with Chelsea Murphy, but the record does not disclose whether Chelsea Murphy is the spouse of Kevin Murphy as contrasted with a sister, daughter, cousin or other person with the same last name.

## IV.  CONCLUSION

For the reasons set out above, **IT IS ORDERED**:

1.  The motion at docket 43 is **GRANTED in part and DENIED in part** as follows:   The entry of default as to Tax Breaks, Inc., Darius Allen, and Jane Doe Allen is **SET ASIDE,** and all claims against Tax Breaks, Inc., Darius Allen, and Jane Doe Allen are **DISMISSED WITHOUT PREJUDICE**, but their request for dismissal with prejudice is **DENIED**.

2.  Plaintiffs' request for additional time to perfect service is **DENIED**.

3.  The motion at docket 45 seeking to strike portions of plaintiffs' response is **DENIED**.

4.  All claims against Tax Breaks LLC are **DISMISSED WITHOUT PREJUDICE**.

5.  Within 21 days from the date of this order, plaintiffs shall file either a motion pursuant to Fed. R. Civ. P. 55(b), which complies with the requirements set out above, or a notice of non-objection to closure of this case on the terms stated above.

DATED this 3rd day of March 2014.


_____
/S/
JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE